UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LANE CRAWFORD LLC doing business as LANE CRAWFORD APPAREL GROUP,** | Case No. 12 CV 9190 |
| Plaintiff, | (Daniels, J.) |
| | (Peck, M.J.) |
| -against- | |
| **KELEX TRADING (CA) INC., KA WAI CHOI, HAVE FASHION, INC., KENNETH KHANG AND DOES 1-10,** | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DAMAGE AWARD AT INQUEST

### Preliminary Statement

The plaintiff in this action for federal trademark counterfeiting and trademark infringement, having been awarded a default judgment by Hon. George B. Daniels, submits this memorandum of Law in Support of its damage award.

### Facts

The relevant facts are set forth in the accompanying Declaration of Jeffrey Dweck.

### Argument

A. PLAINTIFF IS ENTITLED TO THE MAXIMUM STATUTORY DAMAGES AGAINST DEFENDANTS KELEX TRADING (CA) INC. AND KA WAI CHOI

Federal Rule of Civil Procedure 55(b)(2) provides (in the context of default judgments) that in cases where the damages are uncertain, "the party entitled to a judgment by default shall apply to the court for recovery of damages. *Fed. R. Civ. P. 55(b)(2).*

The Anticounterfeiting Consumer Protection Act of 1996 (the "Act") added Section 1117(c) to the trademark statute which, as amended in 2008, provides for statutory damages up to

$2,000,000 per mark counterfeited, per type of good counterfeited, for willful infringers. *15 U.S.C. § 1117(c).*

Section 1117(c) reads, in pertinent part:

§ 1117. Recovery for violation of rights; profits, damages and costs; attorney fees.

(c) Statutory damages for use of counterfeit marks In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of

 - (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

 (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

*15 U.S.C. § 1117(c).*

Comments in the Congressional record regarding the Act reflect growing concern about the staggering costs of counterfeiting for American businesses, contrasted with the extremely low cost of producing counterfeit goods, and the need to create a greater disincentive to potential counterfeiters. *See, e.g., 141 Cong. Rec. E1994-01, 1995 WL 616483 (Oct. 19, 1995).* In essence, the Act was designed to add "teeth" to the civil penalties for willful use of counterfeit trademarks. *See generally 5 J. McCarthy, McCarthy on Trademarks & Unfair Competition § 30:95 (4th ed. 2000).*

Prior to the passage of the Act, trademark holders were largely dependent upon counterfeiters' often incomplete or nonexistent records to establish their actual damages. *See, e.g., Gucci Am., Ltd. v. Duty Free Apparel, Ltd, 315 F. Supp, 2d 511, 520 (S.D.N.Y. 2004).* The Act, however, solved that problem by providing a statutory damages alternative. *Id., quoting S.Rep. No. 104-177 at 10 (1995)*("Congress added the statutory damages provision of the Lanham Act in 1995 because 'counterfeiters' records are frequently nonexistent, inadequate or deceptively kept, making proving actual damages in these cases extremely difficult, if not impossible."). As one court succinctly stated, "[t]he rationale for this section is the practical inability to determine profits or sales made by counterfeiters." *Silhouette Int'l Schmied AG v. Vachik Chakhbazian, 2004 WL 2211660 at *2 (S.D.N.Y. Oct. 4, 2004).* Several courts have therefore found that statutory damages are appropriately assessed where, as here, one or more defendants have defaulted. *See, e.g., Sara Lee Corp. v. Bags of New York, Inc., 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999).* As noted in Sara Lee, "[s]tatutory damages are most appropriate [where] infringer nondisclosure during fact finding leaves damages uncertain." *Id.*

Where a defendant willfully sells goods with a counterfeit mark, Section 1117(c) provides for maximum statutory damages in the amount of up to $2 million per mark counterfeited, per type of good or service "sold, offered for sale, or distributed, as the court considers just." *15 U.S.C. § 1117(c).* The maximum amount of statutory damages should be imposed in this case based upon the defendants' purchase of counterfeit "Kiss Therapy" jeans from third parties, with knowledge that such items were counterfeit, and/or willful ignorance as to the authenticity of the jeans.

In Tiffany (NJ), Inc. v. Luban, for example, the Court awarded $550,000 against the operators of a website that sold counterfeit Tiffany's merchandise. *282 F. Supp. 2d at 124-125.* The Court noted that statutory damages were appropriate, as the defendants had failed to answer the complaint, and there was therefore no evidence regarding the number of counterfeit goods sold by the defendants. Id.  Further, the court noted that, "[b]y virtue of default, the [defendants']

infringement is deemed willful." *Id. at 124; see also Rolex Watch USA., Inc. v. Brown, 2002 WL 1226863 at \*2 (S,D.N.Y. June 5, 2002)* (awarding $1 million in statutory damages against defaulting defendant who sold counterfeit Rolex watches).  At the time, the maximum award was $1 million, not $2 million.  Similarly, the Court in Playboy Enters., Inc. v. Asiafocus Int'l, Inc. awarded maximum allowable statutory damages on a motion for default judgment based upon the defendant's use of the "PLAYBOY" trademark in his internet domain name, and additional damages of $500,000 each for the use of the PLAYBOY and PLAYMATE trademarks on four types of goods. *1998 WL 724000 (E.D. Va. Apr. 10, 1998).*

As a result of the proceedings and default hereunder, Lane Crawford has obtained no discovery from the defendants.  It is, therefore, impossible for Lane Crawford to know the extent of the profits reaped by the defendants as a result of their counterfeiting activities.  The defendants should not be permitted to benefit from their own failure to participate in this action. *See Gucci, 315 F. Supp.2d at 522* (noting that all uncertainty as to the scope of the defendant's infringing activities is to be resolved against the defendant).  The value of Plaintiff" s trademarks is indisputable, and the marks have reaped commercial and financial success for Lane Crawford.

As noted above, 15 U.S.C. § 1117(c)(2) states that, "if the court finds that the use of the counterfeit mark was willful, [statutory damages shall be assessed in the amount of] not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *15 U.S.C. § 1117(c)(2).*  In this case, the defendants have willfully infringed at least one of Lane Crawford's marks on one type of good, jeans.  This Court should award the maximum statutory damages of $2,000,000 against the defendants.

B.  LANE CRAWFORD REQUESTS ATTORNEYS' FEES AND COSTS.

As a result of the defendants' ongoing and willful counterfeiting activities, despite notice from Lane Crawford, Lane Crawford requests a further award with respect to reasonable attorney's fees and costs associated with this action pursuant to 15 U.S.C. § 1117.  Awards of attorney's fees

and costs are appropriate in exceptional cases pursuant to § 1117(a), and is such an award is required in cases of willful trademark counterfeiting pursuant to § 1117(b)(the court <u>shall</u>, unless the court finds extenuating circumstances, enter judgment ..., together with a reasonable attorney's fee...") (emphasis added). *15 U.S.C. § 1117.*

Conclusion

For or all of the foregoing reasons, default judgment should be entered against the defendants KELEX TRADING (CA) INC. and KA WAI CHOI for a permanent injunction, $2,000,000 in statutory damages under the Lanham Act, $12,260.00 in attorneys' fees and $350.00 in costs.

Dated:  New York, New York
        October 25, 2013

                                                    THE LAW FIRM OF JEFFREY S. DWECK, P.C.

                                                    By: Jeffrey S. Dweck, Esq. (JD 6658)

                                                    43 West 33rd Street - Suite 304
                                                    New York, New York 10001
                                                    212-967-0500
                                                    jeffrey@dweckny.com